UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MICHAEL CUNNINGHAM )
)
v. ) NO. 2:07-CV-44
)
ROOKIE INMAN )

# **MEMORANDUM and ORDER**

Michael Cunningham, a prisoner in the Hamblen County Jail, brings this *pro se* civil rights action for injunctive relief under 42 U.S.C. § 1983. The plaintiff's application to proceed *in forma pauperis* is **GRANTED.** However, since the plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of three hundred, fifty dollars ($350.00).[1] 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).

In his complaint, the plaintiff states his claim in the entirety:

"I wrote 4 grievance forms to Rookie Inman because I was sleeping in the floor and my back hurts, my neck hurts and it hurts when I breath." Compl., ¶ IV.

---

[1] Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility where the prisoner is housed is ordered to submit installment payments to the Clerk of Court, until the full amount of the filing fee has been paid. The Court takes judicial notice that, in another Hamblen County prisoner's case, the plaintiff submitted a statement signed by the Chief Jailer, stating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't Medical Staff*, Civil Number 2:05-cv-148, Doc. 6. Thus, the Court concludes that the plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee. Nevertheless, the plaintiff has been assessed the filing fee and this constitutes a financial obligation on the part of the plaintiff.

The Court has screened the complaint, as required by 28 U.S.C. § 1915(e)(2) and § 1915A, and finds that, for two reasons, the plaintiff has failed to state a claim entitling him to relief under § 1983.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Jail conditions that involve the wanton and unnecessary infliction of pain and result in the serious deprivation of basic human needs violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981).

Here, the plaintiff offers no facts to show the length of time he has been sleeping on the floor. *See Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *Dellis v. Corr. Corps. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (deprivation of a lower bunk was a temporary inconvenience and prisoner did not show that this condition fell beneath minimal civilized measure of life's necessities). And the plaintiff has not claimed that he was not provided with a mattress, blankets, or bed linens or adequate heat. *See Wilson v. Seiter,* 501 U.S. 294, 304 (1991) ("Some conditions of confinement may establish an Eighth Amendment violation `in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise - for example, a low cell temperature at night combined with a failure to issue blankets.").

Restrictive or even harsh overcrowded conditions do not violate the Eighth Amendment unless they deprive a prisoner of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347. While the plaintiff may have been subjected to some discomfort by sleeping on the floor, he does not allege with any specificity that he was denied essential food, shelter, or safe temperatures. Having failed to allege the deprivation of a single, identifiable human need to sustain his claim of sleeping on the floor, he fails to state a claim for unconstitutional conditions of confinement.

To the extent that the plaintiff's contentions that he suffers pain in his back, his neck and when he breathes is intended to be a separate claim for denial of medical care, beyond these generalized complaints of pain, there are no allegations of fact to support such a claim. Bald, factually-undeveloped allegations fail to state a claim entitling a plaintiff to relief under § 1983. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Certainly, there is nothing to suggest that defendant Inman was deliberately indifferent to the plaintiff's serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97, 105 (1976), and absent such a demonstration, the plaintiff fails to state a claim for relief.

Finally, there is a problem with one of the plaintiff's claims for relief (which is pled in the alternative). He states: "I would like to go to the work house on work release to continue supporting my son or go home because I am innocent of my accused crimes." Compl., ¶ 5. Unfortunately for the plaintiff, he has no constitutionally-protected interest in work release. *See Codd v. Brown*, 949 F.2d 879, 882 (6th Cir. 1991). Nor can the Court

cannot grant the relief he seeks (i.e., release from confinement) under the aegis of § 1983. The plaintiff's allegations of innocence and his desire to "go home" relate directly to the fact and duration of his physical confinement, and thus his sole federal remedy in that regard is to seek a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Given the liberal standard of review for *pro se* complaints, this Court could convert the plaintiff's § 1983 complaint to a habeas petition. *Haines v. Kerner*, 404 U.S. 519 (1972). However, a great deal of information is required for a habeas petition which is not supplied in a § 1983 complaint. *See* Rules Governing Section 2254 Cases. Also, a state prisoner who seeks habeas relief from an alleged unconstitutional conviction must first exhaust his available state court remedies by fairly presenting all his claims to the courts in the state where he was convicted. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). There is no indication in the complaint that this particular exhaustion requirement has been met.

Therefore, the claim of innocence is **DISMISSED** without prejudice and the complaint will be dismissed for failure to state a claim.

A separate order will enter.

ENTER:

s/ Leon Jordan
United States District Judge